IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GIOVANNI LOWRY,

        Plaintiff,

v.

UNIVERSITY OF OREGON MEDICAL
SCHOOL; OREGON HEALTH & SCIENCE
UNIVERSITY; EVERETT W. LOVRIEN,
M.D.; FREDERICK RABINER, M.D.;
DENNIS M. DELEO, M.D.; HERBERT
COMMON, M.D.; JAMES LINDERMANN,
PH.D.; SCOTT GOODNIGHT, M.D.;
D.R. PORTER, D.D.S.; and JOHN
DOES 1-10,

        Defendants.

3:16-cv-01049-YY

ORDER

BROWN, Judge.

    Magistrate Judge Youlee Yim You Findings and Recommendation (F&R) (#19) on April 6, 2017, in which she recommends the Court grant in part and deny in part the Motion (#7) for Summary Judgment filed by Defendants University of Oregon Medical School; Oregon Health & Science University (OHSU); Everett W. Lovrien,

1 - ORDER

M.D.; Dennis M. DeLeo, M.D.; and Scott Goodnight, M.D.[1]
Plaintiff and Defendants each filed timely Objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

For the reasons below, the Court **ADOPTS** the Magistrate Judge's Findings and Recommendations.

## STANDARDS

I. **Review of F&R**

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc).

If no objections to the Magistrate Judge's Findings and Recommendation are timely filed, this Court is relieved of its obligation to review the record *de novo*, but reviews only the legal principles *de novo* for any errors. *Id.*

---

[1] Defendants Frederick Rabiner, M.D.; James Lindemann, Ph.D.; and D.R. Porter, D.D.S., predeceased this action, and Plaintiff agreed to their dismissal Herbert Common, M.D., has not been served or appeared in this action.

2 - ORDER

## II. Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). *See also* Fed. R. Civ. P. 56(a). The moving party must show the absence of a dispute as to a material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine dispute as to a material fact for trial. *Id.* "This burden is not a light one . . . . The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted).

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010). "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*,

381 F.3d 948, 957 (9th Cir. 2004)(citation omitted). A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment." *Deering v. Lassen Cmty. Coll. Dist.*, No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011) (citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989)). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id.*

## BACKGROUND

### I. Factual Background

The following facts taken from the submissions of the parties are undisputed unless otherwise indicated.

Plaintiff was born in 1963. In 1966 Plaintiff was brought by his mother to OHSU for diagnosis and treatment. Plaintiff's mother reported that Plaintiff had been previously diagnosed with and treated for hemophilia in California and the family had a

4 - ORDER

history of hemophilia, but no records were provided. OHSU apparently attempted to locate medical records from California relating to Plaintiff's diagnosis and treatment for hemophilia, but was unable to find any such records.

OHSU conducted testing on Plaintiff, his mother, and his siblings to determine whether any of them had hemophilia or related blood-clotting disorders. All test results were negative.

Beginning in 1966 and continuing through November 16, 1983, Plaintiff was treated for hemophilia with multiple blood transfusions and blood products. OHSU trained Plaintiff and his mother how to infuse the blood products at home and provided supplies to do so.

A chart note by Dr. Lovrien dated October 29, 1975, when Plaintiff was twelve years old, stated:

> Mrs. Lowry came to the clinic today wanting to obtain more medicine for home infusion for her two children. She was told that we were reluctant to do so because coagulation studies have never been satisfactory and concluded indicating that a severe bleeding problem is not present.
>
> Mrs. Lowry became almost hysterical, cried and for two hours discussed the fact that her family has been exploited, that a blood test had been carried out five times on [Plaintiff] for diagnostic purposes and to do so again would be a violation of his body's rights.
>
> Finally a conclusion was reached where we decided to go ahead and continue home infusions despite the fact that on paper it doesn't look like there is any severe bleeding problem in the family. Mrs. Lowry wants this because she said the mental

5 - ORDER

> anxiety of withdrawing the medicine would make her
> life so complex because then she would care about
> her children.
>
> Despite the fact that on paper there is no evidence
> of a severe bleeding problem at this time I feel it
> is the best judgment to continue reasonable
> infusions and that the hazards of infusion,
> including hepatitis and other complications are
> less than the hazards of mental turmoil associated
> with withdrawing the home infusion program.

From November 1983[2] and continuing through January 2015 Plaintiff was treated by OHSU for other ailments and alleges in each instance the medical care provided by OHSU was complicated by and modified based on Plaintiff's presumed diagnosis of hemophilia.

In January 2015 Plaintiff changed his health care provider to Kaiser Permanente. Plaintiff was tested for hemophilia at Kaiser and on April 27, 2015, Plaintiff received a letter from his doctor stating:

> In reviewing [Plaintiff's] history he does seem to have
> a significant bleeding history as a child, but I can
> find no current evidence that he has or had hemophilia
> A, hemophilia B, Factor XI deficiency, or Von
> Willebrands Disease. However, I do not have access to
> documentation from his childhood to confirm that he
> never had evidence of these diseases, but traditionally
> these are not diseases that resolve as one gets older.

On April 29, 2016 Plaintiff filed a complaint in state court against Defendants alleging he contracted Hepatitis C as a result of Defendants' conduct and asserted claims for medical

---

[2] The individually-named physicians have not treated Plaintiff since 1983.

negligence, battery, intentional infliction of emotion distress, child abuse, failure to obtain informed consent, and deprivation of constitutional rights pursuant to 42 U.S.C. § 1983. On June 9, 2016, Defendants removed the state court action to this court. On July 21, 2016, Defendants filed their Motion for Summary Judgment against all of Plaintiff's claims.

**II. Magistrate Judge's Findings and Recommendation**

The Magistrate Judge made the following Findings and Recommendation regarding Defendants' Motion:

1. Plaintiff fails to state a valid claim for child abuse and this claim should be dismissed with leave to replead as a claim for breach of fiduciary duty under Oregon Revised Statutes § 418.750;

2. Plaintiff's state law claims (medical negligence, battery, intentional infliction of emotional distress, child abuse, and failure to obtain informed consent) are barred by the statute of ultimate repose, Or. Rev. Stat. § 12.110(4), and should be dismissed as to all Defendants except OHSU and Lovrien;

3. A genuine dispute of material fact exists as to whether OHSU and Lovrien made "implicitly misleading representations" to Plaintiff sufficient to toll the statute of ultimate repose as to Plaintiff's state law claims against them;

4. Plaintiff's federal § 1983 claim is barred by the statute of limitations and should be dismissed as to all

Defendants;

5. OHSU should not be substituted as the only defendant in this case; and

6. The Court "should rule that the 1975 version of the [Oregon Tort Claims Act, Or. Rev. Stat. §§ 30.260-30.300] is the only version at issue."

As noted, Plaintiff and Defendants each filed Objections to these Findings and Recommendation.

## DISCUSSION

### I. Defendants' Objections

Defendants object to the Magistrate Judge's finding that (a) the tolling provision of Oregon Revised Statutes § 12.110(4) for "the fraud, deceit, or misleading representation" applies to Plaintiff's state-law claims against OHSU and Lovrien and (b) Plaintiff should be granted leave to replead his child-abuse claim as a claim for breach of fiduciary duty.

### A. Application of Tolling Provision

The Magistrate Judge found there is a genuine dispute of material fact as to whether Lovrien deliberately deceived Plaintiff through implicit misleading representations, and, therefore, the tolling provision of the statute of limitations applies to Plaintiff's state-law claims against Lovrien and OHSU.

Defendants merely reiterate the arguments they

8 - ORDER

previously made in their Motion for Summary Judgment pleadings.

This Court has carefully considered Defendants' Objections and concludes they do not raise any new issues, and, therefore, they do not provide a basis to modify the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in this portion of the Magistrate Judge's Findings and Recommendation.

### B. Leave to Replead

In his Response to Defendants' Motion for Summary Judgment Plaintiff conceded public officials such as Defendants are not subject to an independent child-abuse tort claim in Oregon. On that basis the Magistrate Judge concluded Plaintiff failed to state a child-abuse claim, but recommends this Court grant Plaintiff leave to replead the claim as one for breach of fiduciary duty under Oregon Revised Statutes § 418.750.

Defendants object to the Magistrate Judge's recommendation on the ground that any such amendment would be futile inasmuch as (1) Plaintiff's state-law claims are barred by the statute of ultimate repose, (2) the statute on which Plaintiff relies for such a claim was repealed, and (3) there is not, therefore, a private right of action available to Plaintiff for this claim.

In response Plaintiff contends although § 418.750 was

9 - ORDER

repealed in 1993, it was recodified in § 419B.005[3] and the Oregon Legislature did not intend to abrogate Defendants' duty to report child abuse.

It appears from the legislative history of § 419B.005 that the 1993 changes to the law were an overhaul of the juvenile code, and the Oregon Legislature merely renumbered § 418.750 and recodified in §419B.005 the duty of public and private officials to report child abuse. Accordingly, the Oregon Legislature did not aborgate the legal obligations imposed. *See, e.g., Blachely v. Portland Police Dep't*, 135 Or. App. 109, 112 n.3 (1995) (applying then-current statutory provisions of the child-abuse laws to claims arising under prior statutes that were repealed and re-enacted in 1993).

This Court has carefully considered Defendants' Objections and concludes they do not provide a basis to modify the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation to permit Plaintiff to replead.

## II. Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's recommendation that this Court dismiss Plaintiff's § 1983 claim as barred by the

---

[3] Plaintiff incorrectly cites to Oregon Revised Statutes § 413B.005, which does not exist.

10 - ORDER

statute of limitations. Plaintiff also seeks "clarification" of the Magistrate Judge's recommendation that "the 1975 version of the [Oregon Tort Claims Act] applies" to Plaintiff's claims.

**A.     Section 1983 Claim**

The Magistrate Judge found Plaintiff's § 1983 claim is barred by the statute of limitations because Plaintiff was aware of a significant injury at least two years before filing this action.

Plaintiff contends the authority relied on in the F&R is inapplicable to the circumstances of his case and that he was never aware of the accrual of his cause of action because of Defendants' fraudulent concealment of the fact that Plaintiff did not have hemophilia. In addition, Plaintiff asserts Defendants should be estopped from asserting the statute of limitations because of Defendants' fraudulent conduct.

As correctly noted by the Magistrate Judge, the statute of limitations accrues when a plaintiff becomes aware or should have become aware of a significant injury regardless whether the plaintiff was aware of any tortious conduct that may have caused the injury. See Lukovsky v. City and Cty. of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008). In addition, the Court notes estoppel does not apply when the Plaintiff has not shown the defendants' conduct was "above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff

11 - ORDER

from suing in time." *Id.* at 1052. Here Plaintiff does not allege any fraudulent conduct by Defendants that was "above and beyond" the wrongdoing that is the basis of Plaintiff's claims alleged in his Complaint.

This Court has carefully considered Plaintiff's Objections and concludes they do not provide a basis to modify the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in this portion of the Magistrate Judge's Findings and Recommendation.

**B.    Oregon Tort Claims Act**

Defendants argued in their Motion for Summary Judgment that they were not liable for conduct prior to the enactment of the Tort Claims Act, and, in any event, any damages recoverable by Plaintiff are capped at $100,000.00.

The Magistrate Judge recommends this Court grant this portion of Defendants' Motion as follows:

> Without speculating as to the extent of damages [Plaintiff] may or may not have suffered, or the constitutionality of applying a $100,000 cap to such damages, the 1975 version of the OTCA is the only version at issue because it was the version in effect when [Plaintiff] received treatment.

Plaintiff contends "[a] finding that the OTCA is the only version 'at issue' is not the same as finding that the OTCA applies to all of [P]laintiff's claims" and that "the question of the cap should not be considered at this time at all."

After carefully reviewing the record, the Court concludes the Magistrate Judge's finding on this issue does not require any clarification; *i.e.*, the 1975 version of the Oregon Tort Claims Act controls any applicable claims asserted by Plaintiff and the pertinent version would be applied if necessary at the time a verdict is rendered.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Youlee Yim You's Findings and Recommendation (#19) and, therefore, **GRANTS in part and DENIES in part** Defendants' Motion (#7) for Summary Judgment as follows:

1. **GRANTS** Defendants' Motion as to Plaintiff's Sixth Claim for violation of 42 U.S.C. § 1983 on the grounds that it is barred by the applicable statute of limitations and **DISMISSES with prejudice** Plaintiff's Sixth Claim as to all Defendants;

2. **GRANTS** Defendants' Motion as to all of Plaintiff's state-law claims (Claims One, Two, Three, Four, and Five) on the grounds that these claims are barred by the applicable statute of limitations and, accordingly, **DISMISSES with prejudice** Plaintiff's state-law claims as to Defendants Dennis M. DeLeo, M.D., and Scott Goodnight, M.D., only;

3. **GRANTS** Defendants' Motion as to Plaintiff's Fourth Claim for child abuse and **DISMISSES** Plaintiff's Fourth Claim with

13 - ORDER

leave to replead as a claim for breach of fiduciary duty against Defendants OHSU and Lovrien only;

4. **DENIES** Defendants' Motion as to Plaintiff's remaining state-law claims (Claims One, Two, Three, and Five) against Defendants OHSU and Lovrien only; and

5. **ADOPTS** the Magistrate Judge's finding that Plaintiff's remaining claims are governed by the 1975 version of the Oregon Tort Claims Act and reserves application of the Act, including any cap on damages, until such time as a verdict is rendered.

This matter is returned to the Magistrate Judge for further proceedings as necessary, including the setting of a deadline for Plaintiff to file an amended complaint consistent with this Order.

IT IS SO ORDERED.

DATED this 2nd day of June, 2017.

*[signature]*

ANNA J. BROWN
United States District Judge